NANCY G. WEED *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT    HARTFORD COUNTY    FILE NO. 186975

Memorandum filed April 11, 1974

*Nancy G. Weed,* pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Thomas J. Daley,* assistant attorney general, for the defendant.

JOHN F. SHEA, JR., J. The plaintiff, who resides in Hartford, was employed as a receptionist and switchboard operator until the termination of her employment on August 17, 1973. On August 20, 1973, she was referred by the state employment service to a clerk-typist opening at Combustion Engineering Company in Windsor. There is no public transportation between Hartford and the Combustion Engineering Company. When she was interviewed, the plaintiff volunteered the information that she owned a 1955 Corvair automobile and that it was in a state of disrepair and would not constitute reliable transportation. As a result, she was not considered for the job.

The commissioner found that the plaintiff's automobile was still running on January 25, 1974, and that by making the statement regarding her automobile at the time of the interview on August 20 the plaintiff had, in effect, refused suitable employment. The plaintiff obtained other employment on September 9, 1973.

Considering the age of the plaintiff's car and the lack of public transportation, it was only fair and reasonable that the plaintiff mention the possible transportation problem. Nothing in the record discloses any attempt by the prospective employer to arrange transportation.

The duty of the court in appeals of this type is to determine whether the commissioner acted arbitrarily, unreasonably or illegally on the basis of the facts presented. *Lanyon* v. *Administrator,* 139 Conn. 20, 28. The court cannot merely substitute its discretion or conclusions for those of the commissioner, but it can interfere when the finding is so unreasonable as to justify judicial interference. *Leszczymski* v. *Radel Oyster Co.,* 102 Conn. 511, 516.

The court holds that the commissioner's finding that the plaintiff's conduct in this matter was in effect a refusal to accept employment was arbitrary and unreasonable.

Judgment may enter sustaining the appeal and remanding the case to the unemployment commissioner for the entry of an order in conformity with this opinion.